RECK v. UVALDE ASPHALT CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1913.)

MUNICIPAL CORPORATIONS (§ 809*) — REPAIRING PAVEMENT — INJURY TO BOY PLAYING—NEGLIGENCE.

A company repairing the asphalt pavement of a street was not negligent in leaving unguarded therein a pail of hot cement for washing the edges of cuts, as respects a boy playing on the sidewalk, who, though knowing of the work and the presence of the pail, stepped into it in running after a ball.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

Dowling, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Daniel Reck, an infant, against the Uvalde Asphalt Company. From a determination of the Appellate Term, affirming a judgment of the City Court for plaintiff and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Alfred W. Meldon, of Jamaica, for appellant.
Arnold Gross, of New York City, for respondent.

SCOTT, J. Plaintiff, a young lad between 11 and 12 years of age, was painfully injured by stepping into a pail of very hot asphaltic cement. Defendant was engaged in repairing the asphalt pavement of the roadway of West 112th street, between Seventh and Eighth avenues, in the city of New York. The repair work consisted of cutting out holes in the pavement and filling them with fresh asphalt. To insure a good union between the new asphalt and the old pavement, the edge of the cut was washed with asphaltic cement, which must be used very hot. This cement was kept in a pail of about the size of an ordinary water pail, which was moved from place to place as required. There is some dispute as to whether the street was barred off by barriers at Seventh and Eighth avenues. It is not of importance whether it was or not, because it is clearly shown that there were a number of men at work on the job, and there were also present the usual machines and apparatus used in asphalt paving, so that every one using the street had ample notice that repair work was going on. The plaintiff had been playing ball on the sidewalk with another boy. The ball was thrown to him too high to be readily caught. He ran backwards with his hands aloft in the effort to catch the ball. Still running back-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wards, he stepped off the sidewalk onto the roadway and then into the pail of hot cement. There is a dispute as to how far the pail was from the curb; but this, as we view the case, is of little importance. The negligence charged against the defendant is that it left the pail of hot cement on the roadway and unguarded at the times it was not actually in use in cementing the cuts in the asphalt.

We are of the opinion that to charge the defendant with negligence on this ground is wholly unreasonable. Of course, if it had left a pail, full or empty, in a place where pedestrians could reasonably be expected to pass, it would probably be chargeable with negligence. But that was not this case. The pail of cement was an appliance necessary to be constantly, and at short intervals, used in the work of repairing. Of necessity it was of portable form, so that it could be moved from place to place as required. It was perfectly visible to any one, and in fact plaintiff himself had observed it a short time before he was injured. The obvious fact that the street was in process of repair was ample notice that the implements of repair were in use. If this boy or any other person had deliberately walked or ran forwards and stepped into the pail, it would have been an act of negligence against which the defendant was not bound to guard. It was no more bound because the boy, unheeding, ran backwards. The defendant, as we think, was not bound to anticipate that any person, boy or man, would step off of the sidewalk onto the roadway in the middle of the block while that roadway was in possession of a road gang making repairs. It was not such an accident as a reasonable man ought to have anticipated under the circumstances. Therefore it was not negligence to fail to guard against it. In our opinion the finding that the defendant was guilty of negligence was against the evidence.

It follows that the determination of the Appellate Term and the judgment and order of the City Court must be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event.

INGRAHAM, P. J., and CLARKE and HOTCHKISS, JJ., concur. DOWLING, J., dissents.

---

### In re VICTOR.

(Supreme Court, Appellate Division, First Department. December 26, 1913.)

TAXATION (§ 900*)—TRANSFER TAXES—APPEALS.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 900.*]